UNITED STATES DISTRICT COURT
NorThern DISTRICT OF ILLINOIS

Brenda A. Stewart
11320 S. Normal
Chicago, IL 60628

Plaintiff(s)

vs.

Illinois Institute of
Technology
10 W. 35th Street
Chicago, IL 60616

Defendant(s)



11cv8973
Judge James B. Zagel
Magistrate Judge Young B. Kim

PRO SE COMPLAINT AGAINST EMPLOYMENT DISCRIMINATION, UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-5

I. PREVIOUS PROCEEDINGS BEFORE THE EQUAL EMPLOYMENT OPPORTUNITIES COMMISSION (EEOC)

  A. Have you filed a charge before the federal Equal Employment Opportunities Commission (EEOC) relating to this claim of employment discrimination?

  (X) YES

  ( ) NO

  B. If your answer is YES, describe the EEOC proceeding:

    1. Parties to the previous EEOC proceeding:

       Petitioner(s) Brenda A. Stewart

Page 2

Respondent (s) Illinois Institute of Technology

2. Location of EEOC office that handled your charge Chicago District Office, 500 W. Madison, #2000, Chicago IL 60661

3. Docket or case number of your charge: 846-2011-58146

4. Disposition (what was the final result of your charge): EEOC Authorized and submitted a Right To sue document And closed Their File

5. Has EEOC written you a right-to-sue letter (telling you that you have the right to sue in a United States District Court if you are dissatisfied with the disposition of your charge)?

(X) YES

( ) NO

6. Date of filing charge before EEOC: 05/19/2011

7. Date of disposition by EEOC: 09/20/2011

C. Attach copies of all documents you possess relating to the EEOC proceeding, ESPECIALLY YOUR RIGHT-TO-SUE LETTER.

II. PREVIOUS LOCAL, STATE OR FEDERAL PROCEEDINGS OTHER THAN EEOC

A. Have you begun other legal proceedings before state or local courts or agencies, or a federal court (but NOT the EEOC) relating to your claim of employment discrimination?

( ) YES

(X) NO

2

B.  If your answer is YES, describe each legal proceeding:

1. Parties to the previous legal proceeding:
   Plaintiff(s) or petitioner(s) _____

   _____

   _____

   Defendant(s) or respondent(s) _____

   _____

   _____

2. Name of court or agency: _____

   _____

   _____

3. Docket or case number: _____

4. Name of the judge or hearing officer: _____

   _____

5. Disposition (for example: Was the case dismissed? Who won? Was there an appeal? Is the appeal pending or final? _____

   _____

   _____

   _____

   _____

6. Date of beginning previous proceeding:_____

7. Date of disposition of proceeding:_____

NOTE: If there was more than one previous legal proceeding, excluding an EEOC proceeding, describe them on separate sheets of paper. Follow the outline above, label the sheets clearly, and attach them to this pro se complaint.

  C. Have you attached separate sheets regarding previous state, local or federal legal proceedings (other than EEOC)?

    ( ) YES

    (X) NO

III. PARTIES TO YOUR PRO SE COMPLAINT OF EMPLOYMENT DISCRIMINATION

  A. Plaintiff(s)

    1. Your full name Brenda Ann Stewart

    2. Your address 11320 S. Normal, Chicago, IL 60628

    3. Names and addresses of other plaintiffs, if any (You should name other plaintiffs only if they were petitioners with you in a previous EEOC proceeding, or else if EEOC began a previous proceeding on behalf of you and them): _____

    (Use a separate sheet if necessary; label it clearly if so)

  B. Have you attached a separate sheet naming other plaintiffs?

    ( ) YES

    (X) NO

  C. Defendant (s) (You should name here the first-named respondent, or else its successor, in the previous EEOC proceeding brought by you or on your behalf):

    1. Full name (individual or firm): Illinois Institute of Technology, ATTN: Maryanne Smith

Page 5

    2. Business address: 10 W. 35th Street Chicago, IL 60616

    3. Job position (if individual) _____

    4. Status as an entity (if defendant is a business firm):

        ( ) Corporation

        ( ) Partnership

        ( ) Sole Proprietorship

        (X) Other University

(If you do not know this information, and you cannot find out by reasonable means, ask the defendant for it. If the defendant will not tell you, leave this section blank.)

    5. Names, business addresses, and job position or entity status of other defendants, if any (you should name additional defendants only if they were named as respondents in a previous EEOC proceeding brought by you or on your behalf): _____

_____

_____

_____

(Use a separate sheet if necessary; label it clearly if so)

D.    Have you attached a separate sheet naming other defendants?

        ( ) YES

        (X) NO

5

IV. STATEMENT OF YOUR CLAIM OF EMPLOYMENT DISCRIMINATION

A. Were you:
- ( ) Not hired?
- (X) Discharged?
- ( ) Suspended?
- ( ) Demoted?
- ( ) Denied Promotion?
- ( ) Denied Wage Increases?
- ( ) Other (please specify) _____

B. State here as briefly, concisely and clearly as possible the essential facts of your claim. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. Include precisely how each defendant in this action is involved. Include the names of other persons involved who are not defendants; give dates and place. Concentrate on describing as clearly and simply as possible the employment practice you allege to be illegal, and how it discriminated against you. IT IS NOT NECESSARY TO MAKE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. IN MOST CIRCUMSTANCES, THIS ONLY MAKES THE CLAIM OF A LAYMAN MORE DIFFICULT TO UNDERSTAND. AS MUCH AS POSSIBLE, LET THE FACTS SPEAK FOR THEMSELVES.

Abuse of Authority by Elizabeth Morales on 7/14/2010 and on multiple occassions prior to that date including verbal Abuse, creating a hostile work environment on 2/17/10 and on multiple occassions prior to and after that date, failure to address specifics of Grievances filed on 7/10/10 and prior to that date, Discrimination in promotion on or about March, 2001 in promoting Elizabeth Morales to Director when my qualifications were superior. Elizabeth once commented to me that "you are jealous because I'm younger and I got the job." Elizabeth frequently stated "anything verbal can be denied." Any instance of questioning a decision was followed by retaliitory actions if I refused to violate a Real Estate Law.

DO NOT FEEL COMPELLED TO USE ALL THE SPACE.

Page 7

V. **RELIEF YOU REQUEST**

Check below what you want the court to do for you. You may make as many checks as you like.

( ) Should you prevail in this lawsuit, award you back pay.

( ) Should you prevail in this lawsuit, reinstate you in your old position.

( ) Should you prevail in this lawsuit, award you certain costs of suit (but not attorneys fees).

(X) Other  I should be compensated monitarily for 10 years of harassment, Abuse And Retaliation in a hostile work environment for being An Older worker

VI. **JURY DEMAND**

(X) YES     ( ) NO

Signed this  19th  day of  December , 20 11 .

(Signature of Plaintiff or Plaintiffs)

ADDRESS:  11320 S. Normal
Chicago, IL  60628

PHONE NO.:  773-703-3227

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Brenda Stewart**
**11320 S Normal Blvd**
**Chicago, IL 60628**

From: **Chicago District Office**
**500 West Madison St**
**Suite 2000**
**Chicago, IL 60661**

**CERTIFIED MAIL 7011 1570 0001 8378 3840**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2011-58146 | Zachary M. Florent, Investigator | (312) 869-8040 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*(signed)* John P. Rowe, District Director     9/20/11 (Date Mailed)

Enclosures(s)

cc: **ILLINOIS INSTITUTE OF TECHNOLOGY**

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [ ] FEPA | |
| [X] EEOC | 846-2011-58146 |

**Illinois Department Of Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Brenda Stewart | (773) 703-3227 | 08-23-1950 |

| Street Address | City, State and ZIP Code |
|---|---|
| 11320 S Normal Blvd, Chicago, IL 60628 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ILLINOIS INSTITUTE OF TECHNOLOGY | 201 - 500 | (312) 567-3000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10 W. 33rd Street, Chicago, IL 60616 | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 08-25-2010
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent in or around September of 1989. My most recent position was Real Estate Coordinator. During my employment, I was subjected to harassment. I complained and subsequently, on or about August 25, 2010, I was informed that my position would be eliminated, effective on September 8, 2010, I was discharged.

I believe I have been discriminated against because of my race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I also believe I have been discriminated against because of my age, 60 (DOB: August 23, 1950), and in retaliation for engaging in protected activity, in violation of the Age Discrimination in Employment Act of 1967, as amended.

RECEIVED EEOC
MAY 19 2011
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

May 19, 2011 — Date
*Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

On August 25, 2010 I was notified by Terrance Frigo that the Rental Property Management Department was being eliminated. My position would be terminated effective September 8, 2010. At that time I was advised that I would not be allowed to apply for the position of Director of Real Estate I could however apply for another position with IIT at a later date if a position was available. It further advised that Ms. Morales's position would be eliminated effective December 31, 2010. As of this date Ms. Morales is still employed with IIT.

On January 1, 2001 Illinois Institute of Illinois purchased the building at 35th and State from IIT Research Institute. I was employed from January 1, 2001 through September 8, 2010. During that time I suffered consistent and repetitive abuses from my supervisor Elizabeth Morales with justification of her action by Terrance Frigo the Associate Vice President of Facilities and Construction. During this period I repeatedly reported these abuses to her supervisor and filed grievances with the Human Resources department with no result.

These abuses included but were not limited to:

Failure to address performance review grievances as shown in exhibits A1 – A7. During this time Ms. Morales and the Associate Vice President (AVP) at that time did not address the items listed in the grievance.

Creating a hostile work environment as detailed in the e-mails in Exhibit B. There was consistent and repeated retaliation including verbal harassment by Ms. Morales in most instances in response to the e-mail communications.

Abuse of authority as shown in Exhibit C. On more than one occasion I was told to back date letter and notices to tenants which could impact the renewal of my Real Estate license if this information was known by others. Ms. Morales often created situations where none existed as noted in the e-mails.

Discrimination in promotion as confirmed in Exhibit D. In the initial selection of the Director of Rental Property Management Ms. Morales was selected over me although she did not possess a real estate license at the time and both of us had completed all class work necessary for a Bachelors Degree. I was within 3 classes to complete my Real Property Administrator's certification. While Ms. Morales had five (5) years of "hands on" property management with IIT with HDC Partners management firm handling all leases and reports I had twelve (12) years of work experience including preparation of all leases and preparation of all related reports.

I was required to violate the law with regard to advising a contractor with a willing construction bid to either reduce his price to receive both jobs or he would be awarded one job and the other given to another vendor and verified in Exhibit E.

My immediate supervisor Elizabeth Morales was incompetent to manage the department because she lacked basic real estate knowledge and experience. The purpose of her harassment was to force me to resign my position and create a derogatory performance history for termination.

In multiple instances she refused to accept information I provided her to prevent violating tenant rights based upon lease terms and conditions including but not limited to changing locks on a tenant's office which I refused to do because State Eviction procedure had not been followed. She also demanded that I send a tenant an eviction notice when the tenant was fully paid prompting me to contact the Legal Department to intervene. When I advised Ms. Morales that these requests were illegal she responded with verbal abuse and threats.

I was required to perform my duties as well as the duties of the clerk based upon "other duties as assigned" and violated my rights with verbal abuse if I refused. On one occasion Elizabeth failed to provide me with office supplies for approximately six months which required me to work many hours after 5:00 p.m. at the clerk's work station in order to print leases and other work related office documents.

Ms. Morales habitually used her personal bias and fears of my experience and knowledge to discredit me in many instances and created adverse situations where none existed. As a result I was subject to retaliation in the form of verbal abuse, harassment and multiple written warnings. I repeatedly advised the Associate Vice President of the department on an annual basis which resulted in an increase in verbal abuse and harassment.

For these reasons I am filing a complaint against Elizabeth Morales, Terrance Frigo and Illinois Institute of Technology.

Until December 2010 I was unaware that the Illinois Department of Labor addressed complaints from anyone that was not a union employee. With this information I have compiled a sampling of the documentation in this regard.

If you have any questions please feel free to contact me at 773-703-3227.

Sincerely,

Brenda A. Stewart

BAS: